UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LYNN HUFFMAN, | No. C 07-476 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| M. S. EVANS, warden, | |
| Respondent. | |

## INTRODUCTION

Melvin Lynn Huffman, an inmate at the Salinas Valley State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court.

## BACKGROUND

Huffman states in his petition that he was convicted in Santa Clara County Superior Court of "290," which appears to be a reference to California Penal Code § 290, regarding the registration duties of sex offenders. He alleges that on an unidentified date he was sentenced to 45 years in prison. He appealed. The California Court of Appeal affirmed his conviction and the California Supreme Court denied his petition for review. He then filed this action for a writ of habeas corpus.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts the following claims:  First, Huffman alleges that he was deprived of a fair trial because the trial court refused to provide funds to hire an expert witness. Liberally construed, this appears to be a due process claim. Second, the petition appears to allege that defense counsel was ineffective in failing to obtain telephone records from October 2002 that would prove perjury by someone. Liberally construed, this appears to be a claim for ineffective assistance of counsel. Third, petitioner alleges that he "was sentenced under a mistrial no expert witness - no phone records to prove that he lied." Petition, p. 6. The third claim is dismissed because it is not understandable and does not appear to allege a separate claim for a violation of federally protected right. The federal writ of habeas corpus is available only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The petition is quite lacking in factual detail. This court assumes that the factual basis of each of the claims was asserted in the appellate briefs and that the federal constitutional basis of each of the claims was asserted in the petition for review – documents likely prepared on Huffman's behalf by counsel. Rather than have Huffman try to amend to explain his claims in greater detail, the better course of action is for the court to order respondent to answer the petition. If respondent cannot understand what the claims are after looking at the briefs filed in Huffman's appeal, he may move to dismiss on that ground.

# CONCLUSION

For the foregoing reasons,

1. The petition states two cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **June 22, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **July 27, 2007**.

5. Petitioner's in forma pauperis application is GRANTED. (Docket # 2.)

IT IS SO ORDERED.

DATED: April 10, 2007

SUSAN ILLSTON
United States District Judge