UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LYNN HUFFMAN, | No. C 07-476 SI (pr) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS AND REQUIRING ELECTION** |
| v. | |
| M.S. EVANS, warden, | |
| Respondent. | |

## INTRODUCTION

Melvin Lynn Huffman, an inmate at Salinas Valley State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss. For the reasons discussed below, the motion to dismiss will be granted and Huffman will be required to choose what to do about the unexhausted claim in his petition.

## BACKGROUND

Huffman was convicted in 2003 in Santa Clara County of committing a lewd or lascivious act upon a child and several sentence enhancement allegations were found true. He was sentenced to a total of 53 years in state prison. (This information is from respondent's motion to dismiss, and is different from the information provided in Huffman's habeas petition (which listed his crime as a "290" (i.e., the sex offender registration statute) and listed his sentence as 45 years. The discrepancies in the crime and sentence do not matter for purposes of the motion to dismiss.)

Huffman appealed. The California Court of Appeal affirmed his conviction and the California Supreme Court denied his petition for review. Huffman did not file any state habeas petitions challenging his conviction.

Huffman's federal habeas petition contained three claims: (1) his right to due process and fair trial was denied because the trial court refused to provide funds to hire an expert witness., (2) he received ineffective assistance of counsel in that defense counsel failed to obtain telephone records from October 2002 that would prove perjury by someone, and (3) he "was sentenced under a mistrial no expert witness - no phone records to prove that he lied." Petition, p. 6. The court dismissed the third claim and ordered respondent to show cause why the writ should not be granted on the first two claims.

Respondent has moved to dismiss on the ground that state court remedies were not exhausted for Claim 2. Huffman has responded with a letter in which he states that his petition for review and appeal have been denied.

## DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted).

The court has compared Huffman's federal habeas petition with the petition for review he filed in the California Supreme Court. The ineffective assistance of counsel claim in his federal petition (i.e., Claim 2) was not included in his petition for review. The California

2

Supreme Court has not had a fair opportunity to rule on the merits of the claim because it was not included in the petition for review and Huffman did not file any collateral challenge to his conviction in that court. State court remedies have not been exhausted for Claim 2.

Huffman's petition contains both exhausted and unexhausted claims and therefore is what is referred to as a "mixed" petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005). The court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. See Rose v. Lundy, 455 U.S. at 522.

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Huffman the opportunity to elect whether to proceed with just his exhausted claim, or to try to exhaust the unexhausted claim before having this court consider both claims. Accordingly, instead of an outright dismissal of the action, the court will allow Huffman to choose whether he wants to –

(1) dismiss the unexhausted claim and go forward in this action with only the exhausted claim, or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

(3) file a motion for a stay of these proceedings while he exhausts his unexhausted claim in the California Supreme Court.

Huffman is cautioned that the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claim, he may face dismissal of any later-filed petition. See 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition may be rejected as time-barred. See 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claim, and to return to this

court. And under option (3), this action stalls: this court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court.

In <u>Rhines</u>, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions. The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." <u>Rhines</u>, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. <u>Id.</u> at 277-78. Any stay must be limited in time to avoid indefinite delay. <u>Id.</u> Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. <u>See</u> <u>id.</u> at 278; <u>Kelly v. Small</u>, 315 F.3d at 1071.

## CONCLUSION

Respondent's motion to dismiss is GRANTED in part. (Docket # 9.) Petitioner must serve and file no later than **February 29, 2008**, a notice in which he states whether he elects to (1) dismiss the unexhausted claim and go forward in this action with only the remaining claim, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claim. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the court's Order Granting Motion To Dismiss And Requiring Election." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), petitioner must file a motion for

4

a stay in which he explains why he failed to exhaust his unexhausted claim in state court before presenting it to this court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. He must serve and file the motion for a stay no later than **February 29, 2008**. If petitioner does not choose one of the three options or file a motion by the deadline, the court will dismiss the action.

IT IS SO ORDERED.

DATED: January 23, 2008

_____
SUSAN ILLSTON
United States District Judge