UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LYNN HUFFMAN, | No. C 07-0476 SI (pr) |
| Petitioner, | **ORDER STAYING PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE** |
| v. | |
| M.S. EVANS, warden, | |
| Respondent. | |

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2003 Santa Clara County Superior Court conviction for committing a lewd or lascivious act upon a child. The court earlier granted respondent's motion to dismiss, finding that the petition had a claim for which state court remedies had not been exhausted. The court ordered petitioner to choose whether to dismiss the unexhausted claim, or dismiss the entire petition, or seek a stay of these proceedings so that he could exhaust his unexhausted claim. Petitioner then filed a motion for a stay so that he could have the claim considered in the California Supreme Court.

Upon due consideration, the court GRANTS petitioner's motion for stay. (Docket # 14.) Although the assertions in the motion are extremely short on factual detail, petitioner's assertions – that he "did not understand how to proceed," that his claim is not meritless and that he is not trying to delay the resolution of his claims – will be liberally construed and, with such construction suffice to meet the requirements for a stay under Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until petitioner exhausts the unexhausted claim and, within thirty days of doing so, moves to reopen this action, lift the court's stay and proceed with consideration of his habeas petition. When he finishes in state court and moves to reopen, petitioner must clearly identify each claim that has been exhausted in state court. Petitioner must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded. If petitioner does not return within thirty days of exhausting the unexhausted claim, the action or the unexhausted claim may be dismissed. See id.; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir.), cert. denied, 538 U.S. 1042 (2003). Petitioner also must exercise continuous diligence during the exhaustion process in the state courts. Imposing these time limits for petitioner to expeditiously get to, through, and back from state court furthers the AEDPA's goals of encouraging finality of judgments and streamlining federal habeas proceedings. See Rhines, 544 U.S. at 278.

IT IS SO ORDERED.

DATED: May 12, 2008

_____
SUSAN ILLSTON
United States District Judge